UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHAYD CHARLES MITCHELL,

Plaintiff,

v. Case No. 25-CV-1412

WARDEN CHERYL EPLETT and
BRIAN CAHAK,

Defendants.

---

**DECISION AND ORDER**

---

Plaintiff Shayd Charles Mitchell is currently incarcerated at Oshkosh Correctional Institution and representing himself in this 42 U.S.C. § 1983 case. He is proceeding on a Fourteenth Amendment access to the courts claim against Defendants Cheryl Eplett and Brian Cahak based on allegations that Oshkosh Correctional Institution's law library policies impeded him from filing a meritorious civil lawsuit about the denial of a Ramadan meal. This matter comes before the Court on Defendants' motion for summary judgment. For the following reasons, the motion will be granted and the case will be dismissed.

**BACKGROUND**

Plaintiff asserts that Defendants created or enforced law library policies that deprived him of law library time. He claims that this prevented him from preparing and filing a meritorious civil lawsuit about the April 26, 2020, denial of his Ramadan meal. At all relevant times, Plaintiff was incarcerated at Oshkosh Correctional Institution. Cheryl Eplett was the Warden at Oshkosh from April 2018 until her retirement in August 2024. Brian Cahak became the Warden at Oshkosh in August 2024. (ECF No. 37 ¶¶ 1–3, 28.)

The law library is operated in conjunction with the general library at Oshkosh. Each housing unit has a designated time during which inmates are allowed to access the library and law library. Inmates do not have to prove they have a court deadline or statutory deadline to access the law library during their regularly scheduled library time. According to Defendants, in 2022 and 2023, inmates generally had access to the library three or four times a week for a 45-minute period. Plaintiff asserts that inmates only had about 25 to 30 minutes to conduct legal research during regularly scheduled library time. (*Id.* ¶¶ 10, 12, 15.)

Generally, inmates are called to go to the library about 10 minutes before their unit's scheduled library time is to start, which provides them with 10 minutes to walk to the library. Inmates then have about 10 minutes to return to their unit after their library time ends. If an inmate wishes to use their time in the law library, they must sign in and out of the law library and remain in the law library until the period is over. Law library hours were subject to change based on factors outside of the institution's control. For example, large numbers of COVID-19 cases, staff shortages, or closures due to heat or cold advisories impact the law library's hours on a short-term basis. In 2022 and 2023, these events resulted in inmates occasionally having only one or three law library periods per week, instead of the scheduled three or four periods. (*Id.* ¶¶ 11, 13–14.)

An inmate may request additional law library time in person during scheduled unit library time by asking the librarian and providing proof of a court-ordered deadline. Inmates must be within one month of a court-ordered deadline to request extra law library time. The librarian verifies the documentation and court-ordered deadline. If the request is approved, the inmate will receive an additional period of law library time until his court deadline. Inmates who have been approved for extra law library time have priority over inmates attending their regularly scheduled law library time. Inmates do not have to be in the law library to file a federal lawsuit. They can

submit filings for the Eastern and Western District Courts to the librarian for e-filing or they can mail their filings. (*Id.* ¶¶ 16–20.)

Plaintiff's housing unit had access to the law library 203 times in 2022 and 151 times in 2023. Plaintiff signed into the law library 138 times in 2022 and 131 times in 2023. He had extra law library time from April 2, 2022, to May 2, 2022; January 19, 2023, to February 10, 2023; and June 27, 2023, to July 24, 2023. Plaintiff filed a civil complaint on July 1, 2022, and a petition for writ of habeas corpus on August 14, 2023, in the Western District of Wisconsin. (*Id.* ¶¶ 22–23, 26, 33.)

## LEGAL STANDARD

"A motion for summary judgment is a contention that the material facts are undisputed and the movant is entitled to judgment as a matter of law." *Hotel 71 Mezz Lender Ltd. Liab. Co. v. Nat'l Ret. Fund*, 778 F.3d 593, 601 (7th Cir. 2015) (citing Fed. R. Civ. P. 56(a)). The Court does not "weigh the evidence and determine the truth of the matter" but rather "determine[s] whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The movant has the burden to show that summary judgment is appropriate. *Weaver v. Champion Petfoods USA Inc.*, 3 F.4th 927, 934 (7th Cir. 2021). The Court will "read the facts and draw all reasonable inferences in the light most favorable to the non-moving party." *Flowers v. Kia Motors Fin.*, 105 F.4th 939, 945 (7th Cir. 2024) (citation omitted). Nonetheless, the non-movant must go beyond mere allegations and conclusions and instead support its contentions with proper documentary evidence. *Foster v. PNC Bank*, 52 F.4th 315, 320 (7th Cir. 2022); *Weaver*, 3 F.4th at 934. Speculation is insufficient to create a genuine dispute of material fact. *Id.* If the movant sustains its burden and shows both that there are no disputed material facts and that it is entitled to

judgment as a matter of law, "[t]he court shall grant summary judgment . . . ." Fed. R. Civ. P. 56(a).

## ANALYSIS

Prisoners have a "fundamental right of access to the courts." *Lehn v. Holmes*, 364 F.3d 862, 865 (7th Cir. 2004) (citing *Bounds v. Smith*, 430 U.S. 817, 825 (1977); *Lewis v. Casey*, 518 U.S. 343, 350 (1996)). The right to access the courts is not unlimited; the law requires "only meaningful access to the courts." *Id.* at 866 (citation omitted). The Seventh Circuit employs a two-part test in determining whether prison officials have violated a prisoner's right of access to the courts. *See id.* at 868. "First, the prisoner must prove that prison officials failed to assist in the preparation and filing of meaningful legal papers. Second, he must show some quantum of detriment caused by the challenged conduct of state officials." *Id.* (cleaned up). Stated differently, to establish a violation of the right to access the courts, a plaintiff must show that the defendant's unjustified acts hindered his efforts to pursue a non-frivolous legal claim, resulting in actual injury to the plaintiff.

Plaintiff claims that Defendants deprived him of additional law library time to prepare his § 1983 complaint regarding the denial of a Ramadan meal. He asserts that he needed the additional law library time to access the Electronic Inmate Law Library System to conduct legal research regarding his civil complaint. Plaintiff explains that the Electronic Inmate Law Library System was only available on a first come, first served basis and that inmates who had additional library time were given priority to use the system. He states that he experienced multiple situations where he had to give up access to the Electronic Inmate Law Library System during regularly scheduled library time to an inmate who had approved additional law library time.

Plaintiff has not established that the lack of extra law library time caused him harm. "[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (citation omitted). Indeed, "[p]risoners are not entitled to unlimited time to conduct legal research even if they believe this would improve the quality of their submissions." *Vasquez v. Raemisch*, 480 F. Supp. 2d 1120, 1142 (W.D. Wis. 2007).

Plaintiff does not dispute that he had access to the law library and used the law library 269 times between 2022 and 2023. He does not explain why the amount of time he received in the law library was inadequate or why he could not devote more of his law library time to researching and preparing a complaint regarding the denial of his Ramadan meal instead of the other matters he worked on. The fact that Plaintiff had to relinquish his access to the Electronic Inmate Law Library System during regularly scheduled library time so inmates who had additional law library time could use the system suggests that he had access to the Electronic Inmate Law Library System even without receiving additional law library time. Plaintiff has not demonstrated that Defendants' actions prevented Plaintiff from filing his civil complaint. Therefore, Defendants are entitled to summary judgment on Plaintiff's claim. Defendants also argue that they are entitled to qualified immunity, but because the Court is granting summary judgment in their favor on the merits, it need not address that argument.

## CONCLUSION

For these reasons, Defendants' motion for summary judgment (ECF No. 25) is **GRANTED**. The case is dismissed. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin on August 28, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.